IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.: 9:10-552 |
|---|---|---|
| -versus- | ) | |
| | ) | **SENTENCING MEMORANDUM** |
| DWAYNE MAJOR, | ) | |
| Defendant. | ) | |

COMES NOW, the Defendant, Dwayne Major (hereinafter Mr. Major), respectfully submitting this Sentencing Memorandum for this Honorable Court's review and consideration.

**Procedural History**

On September 20, 2008, the Beaufort County Sheriff's Office (hereinafter BCSO) served Mr. Major with five (5) arrest warrants for the following state criminal charges: Accessory After the Fact of a Felony, Accessory Before the Fact of a Felony, Burglary First Degree, Criminal Conspiracy, and Possession of a Weapon During a Violent Crime. Again, on October 17, 2008, the BCSO served Mr. Major with an additional arrest warrant for the charge of Murder. Thereafter, the Beaufort County Solicitors Office requested that the United States Attorney's Office adopt the state charges and prosecute Mr. Major and his co-defendants in the United State District Court – Charleston Division.

1

On May 12, 2010, Mr. Major was indicted before this Honorable Court with the following counts:

- One Count of Conspiracy to Possess with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D);
- One Count of Possession with Intent to Distribute Marijuana in violation of 18 U.S.C. § 2, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D);
- One Count of Interference with Commerce through Threat or Violence in violation of 18 U.S.C. §§ 2 and 1951(a);
- One Count of Conspiracy to Interfere with Commerce through Threat or Violence in violation of 18 U.S.C. §§ 1951(a);
- One Count of Conspiracy to Use a Firearm During the Commission of a Drug or Violent Crime in violation of 18 U.S.C. §924(o), and
- One Count of Causing Death Through the Use of a Firearm During the Commission of a Drug or Violent Crime in violation of 18 U.S.C. §§ 924(c) and (j)(1).

Following the above indictment, the Beaufort County Solicitor's Office dismissed the state charges.

On February 25, 2011, Mr. Major entered into a Plea Agreement with the government. On April 6, 2011, Mr. Major entered a guilty plea before this Honorable Court as to Count 4, Conspiracy to Interfere with Commerce through Threat or Violence in violation of 18 U.S.C. §§ 1951(a).

A Pre-Sentence Investigation Report (PSR) was prepared following Mr. Major's plea. The Original PSR was prepared on May 26, 2011, and a Revised PSR

was issued on July 25, 2011. Sentencing is set before this Honorable Court on December 13, 2011.

Mr. Major has remained incarcerated since the Beaufort County Sheriff's Office served him with the state arrest warrants on September 20, 2008, for a total of 1179 days (3 years, 2 months, and 23 days) as of the date of his sentencing on December 13, 2011. Mr. Major requests a variance based on the number of days he has already served.[1]

Herein, Mr. Major urges this Honorable Court to fashion an appropriate sentence under 18 U.S.C. § 3553(a)(1) which varies below the applicable advisory United States Sentencing Guideline range and that reflects this Court's careful consideration of Mr. Major's history and characteristics.

## Statement of the Law

Although the Guidelines are no longer mandatory, but rather advisory, they nonetheless play a vital role in determining an appropriate sentence for every defendant in federal court. *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). The Guidelines remain an essential starting point in determining a just sentence and in maintaining sentencing consistency nationwide. *Gall v. United States*, 522 U.S. 38, 128 S.Ct. 586 (2007); *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456 (2007).

Moreover, the Guidelines are not static. The themes resonated in *Rita, Gall* and

---

[1] Mr. Major was initially incarcerated in the Beaufort County Detention Center from September 20, 2008, until May 25, 2010 – a total of 612 days (1 year, 8 months, and 5 days) – when he was transferred to the Charleston County Detention Center to answer to the federal indictments. Mr. Major has remained in the Charleston County Detention Center since May 25, 2010 for a total of 567 days (1 year, 6 months, and 18 days) as of December 13, 2011.

3

*Booker* remind us that the basic sentencing objectives set forth in 18 USC § 3553(a) must be fully considered, and that a sentencing judge shall "impose a sentence sufficient but not greater than necessary to carry out the objectives of 3553(a) including the guidelines." The Guidelines have been amended yearly since they were first promulgated over twenty-five (25) years ago. Changes in the Guidelines are the result of the Commission's fulfillment of its duty to monitor federal sentencing law, to consider public input and to revise the Guidelines accordingly.

## Statutory Provision

18 USC § 3553(a) states in pertinent part,

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available...

Mr. Major would humbly suggest to this Court, that based on his history and characteristics outlined below, a sentence varying well below the suggested Guideline range which incorporates mandatory treatment and education would better serve the purposes of 18 U.S.C. § 3553(a).

- **Family History**

Mr. Major was born and raised in Seabrook, South Carolina. He is twenty-two (22) years old. Mr. Major is unmarried and has no children.

His biological father has been incarcerated in the South Carolina Department of Corrections since Mr. Major was in the third grade and has never played an active role in his life. His mother, Myrtis Parker, is a hard-working cashier who will continue to serve as a healthy support system for Mr. Major.

Mr. Major is very close with his mother. His aunt recalls that Mr. Major always went out of his way to make Mother's Day special for his mother and grandmother: "When he didn't have the money to buy what wanted, he would clean the house, clean it from front to back and cook a special dinner." *See* Exhibit A, Character Letter from Tedura Hannibal.

Mr. Major has always attended church, and his uncle is a minister. *See* Exhibit B, Character Letter from Pastor Michael Young. His younger brother, Desmond Watson, remembers that Mr. Major always enjoyed going to church functions and fundraisers. *See* Exhibit C, Character Letter from Desmond Watson. Similarly, his sister remembers Mr. Major's excitement when it came time to distribute food to struggling community members. *See* Exhibit D, Character Letter from Tanika Brown. Mr. Major also sang in the choir for several years and taught younger church members how to play baseball. *See* Exhibit E, Character Letter from Latesha Goodwin.

- **Employment History**

Mr. Major's family is not wealthy, but all have worked hard. Mr. Major has at times worked two jobs to help support his family. His cousin recalls, "I remember when he told me he couldn't wait to turn 16 so that he could get a job to help out his mom with financial problems." *See* Exhibit F, Character Letter from Tala Watson. Another cousin, Lazano Watson, remembers that Mr. Major would contribute half of his salary to the family finances from his first jobs at Pizza Hut and McDonald's:

> I remember when he would get paid he give his mom one paycheck for the bills and the other he would keep for personal use . . . . All we did was talk about how we should come up with a plan to start our own business so his family wouldn't ever have to worry about struggling for the rest of their lives.

*See* Exhibit G, Character Letter from Lazano Watson. *See also*, Exhibit H, Character Letter from Clifton Parker, Jr. Likewise, his aunt Tedura Hannibal recalls that Mr. Major would hitchhike or walk "for hours" to get to work if necessary. *See* Exhibit A, Character Letter from Tedura Hannibal.

- **Learning Disability**

Mr. Major has struggled with a learning disability his entire life and was in special education classes throughout middle and high school prior to him dropping out of school. He receives Social Security disability payments for his learning disability. People in the community recognize him as "mentally challenged". *See* Exhibit I, Character Letter from Jennifer Jenkins-Black.

Mr. Major asserts that the above factors are appropriately considerable by this Court pursuant to 18 U.S.C. § 3553(a)(1). Mr. Major thus urges this Honorable

Court to vary below the recommended Guidelines after careful consideration of these factors.

## Conclusion

WHEREFORE, based on the meritorious reasons outlined above, the Defendant, Dwayne Major, beseeches this Honorable Court to depart downwardly from the recommended United States Sentencing Guidelines, and sentence him to a variance sentence below the advisory United States Sentencing Guidelines applicable to his case.

Respectfully submitted,

BY: s/ Abigail B. Walsh
ATTORNEY FOR DEFENDANT
Federal Bar Number: 9528

Williams & Walsh, LLC
125-A Wappoo Creek Dr., Ste. 202
Charleston, SC 29412
Telephone: (843) 722-0157
Fax: (843) 762-2198

Charleston, South Carolina,
December 9, 2011.